Fred MARTIN, Appellant,

v.

Charles E. HALE et al., d/b/a Hale & Hunter, Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1954.

Joe Hobson and Burnis Martin, Prestonsburg, for appellant.

Combs & Combs, Prestonsburg, for appellees.

STEWART, Chief Justice.

Appellees, Hale & Hunter, entered into a building contract with appellant, Fred Martin, on June 16, 1947, whereby they undertook to construct a home for him for the sum of $21,385.04. Appellees agreed to furnish all materials and labor necessary to complete the residence and appellant agreed to advance cash at least once a month to cover the estimated expenditures. During the progress of the construction, appellees had to purchase extra materials and perform additional labor to satisfy various changes that appellant desired. Differences arose between the parties and when appellant failed to pay the balance demanded on completion of the work appellees instituted suit for $6,060.31, $3,264.61 of which was for "extras" as to labor and materials claimed to have been furnished and $2,795.-70 of which was for the balance alleged as due and owing on the contract price. By answer and counterclaim appellant averred that, because the house was defectively built, he was compelled to spend $5,000 to complete it and he was further damaged $2,-000 by the unnecessary delay in finishing it.

The case was prepared by depositions and was first referred by the chancellor to the master commissioner who found for appellees in the sum of $2,183.12. Exceptions were filed by both sides to the report and the chancellor thereafter rendered judgment for appellees in the amount of $4,456.12. In his findings of fact the chancellor held appellant was entitled to an allowance of $227 for the difference in value between wood cabinets and steel cabinets and, furthermore, a credit of $500 was due him for faulty construction of the front porch, but the chancellor concluded the master commissioner erred in crediting appellant with $3,000 for air conditioning and heating equipment, appellant having contended below, as he asserts here, that this equipment was not properly installed and

is therefore unserviceable. Appellant sets out in his brief numerous items he claims he should have been credited with, the total of which amounts to $27,855.19 and which aggregate sum, as can be readily seen, is in excess of the contract price of $21,385.04, and he accordingly insists he should recover the difference between these two figures. Specifically, the amount he argues he should recover on this appeal is $6,470.15. Appellees urge that the chancellor's findings be affirmed on appellant's appeal, and they have also cross-appealed, maintaining that the chancellor erred in respect to the credit of $500 on the front porch and the allowance of $227 for the kitchen cabinets.

■ This is purely a fact case involving some twenty-one items appellant claims in his brief he should have been credited with on his contract and two items appellees insist they should have been allowed to recover. We have read the record, which is voluminous and in which the evidence adduced by each side is highly conflicting for the most part, and we conclude it would be of no benefit to the parties to review in this opinion the controversy over each item. CR 52.01 provides thus, so far as applicable here:

> "* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. * * *"

Applying the test laid down by the foregoing Civil Rule, we believe it cannot be said the chancellor's findings of fact are "clearly erroneous" as to nineteen of the items contended for by appellant and as to the two items appellees assert they are entitled to recover, since there is evidence to sustain the conclusion reached as to all of these items. However, the judgment included certain sums in favor of appellees arising out of two other items that are not supported by any proof.

■ In this connection, the evidence plainly shows appellees refused to put in any subflooring in the attic, although the plans specified it, the estimate appellee,

Hale, used in making the contract called for it, and it was included as a debit of $75 in their suit. When asked why he did not put the subflooring in the attic Hale replied, "It didn't need it." It is thus apparent the chancellor erred in refusing to allow appellant the price of the subflooring as a credit.

In the next place, appellees admit in their brief appellant should have been allowed $66 expended by him to obtain a smooth surface on his basement floor, which type of finish is required to lay asphalt tile, the contract specifying such a floor cover in the basement. They also concede a payment of $12 to a carpenter who worked on basement windows that fitted too tightly was a proper credit. It was error to refuse appellant these deductions.

Wherefore, on the appeal the judgment is reversed with directions that it be set aside and a new one entered in conformity with this opinion and on the cross-appeal the judgment is affirmed.

COMBS, J., not sitting.